ORAL ARGUMENT NOT YET SCHEDULED

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| STATE OF NEW YORK, et al.,<br><br>*Petitioners*,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, and MICHAEL S. REGAN, in his official capacity as Administrator of the United States Environmental Protection Agency,<br><br>*Respondents*. | Case No. 21-1028<br><br>Consolidated with Case Nos. 21-1060, 21-1073 |

**State and Municipal Petitioners' Corrected Motion to Lift Abeyance and Reset Litigation Deadlines**

State and Municipal Petitioners[1] file this unopposed motion to lift the current abeyance over challenges to a December 2020 final decision of respondent U.S. Environmental Protection Agency (EPA) in which EPA declined to revise the national ambient air quality standards (NAAQS) for ozone. *See* 85 Fed. Reg. 87,257 (Dec. 31, 2020).

---

[1] State and Municipal Petitioners include New York, California, Connecticut, the District of Columbia, Illinois, Maryland, Massachusetts, Minnesota, New Jersey, Oregon, Pennsylvania, Rhode Island, Vermont, Washington, Wisconsin, and New York City.

Following a January 2021 executive order, which directed EPA to reexamine its 2020 ozone decision to make certain it was "guided by the best science" and adopted pursuant to "processes that ensure the integrity of Federal decision-making," EPA sought and won a series of abeyances. The grounds for the abeyances were that the agency was reexamining the decision consistent with the executive order and subsequently was in fact reconsidering the 2020 ozone decision. EPA further suggested that its timely reconsideration of the 2020 ozone decision would render litigation in this case "unnecessary." *See, e.g.*, Unopposed Mot. to Hold in Abeyance (Feb. 17, 2021), ECF No. 1885865.

Thirty-one months later, no notice of proposed rulemaking has issued. Instead, in September 2023, EPA informed the parties and this Court that it will take no action regarding the 2020 ozone decision at this time. EPA now intends to leave the challenged decision in place until it conducts a *new* full, statutory review to be completed at an unknown date in the future. *See* EPA Status Report ¶ 13 (Sept. 18, 2023), ECF No. 2017610.

In light of EPA's change of course, State and Municipal Petitioners now move this Court to lift the abeyance and reset the deadlines for

initial filings and submission of a briefing format. EPA does not oppose lifting the abeyance or the proposed schedule below. The environmental and public health petitioners in No. 21-1060 and the petitioner in No. 21-1073 support lifting the abeyance and the proposed schedule. The industry intervenors in Nos. 21-1028 and 21-1060 take no position on lifting the abeyance or the proposed schedule. State Intervenors do not oppose lifting the abeyance.

## BACKGROUND

Ozone, the principal component of "smog," is a pollutant that is linked to a wide variety of harms to human health and welfare. Scientific studies correlate ozone exposure to numerous medical conditions, including asthma, various chronic lung diseases, and permanent lung damage—effects that can lead to increased hospital admissions and premature death.[2] Recent epidemiological studies have also found a causal relationship between short-term ozone exposure and metabolic harms, including diabetes. *See* Comments of the Attorneys General of New York, et al. at 3 (Oct. 1, 2020), EPA-HQ-OAR-2018-0279-0435.

---

[2] *See, e.g.*, U.S. Env't Prot. Agency, Ozone and Your Health (Feb. 2009), https://www.epa.gov/sites/default/files/2015-06/documents/ozone_and_your_health.pdf.

3

Under the Clean Air Act, EPA has an obligation to set national ambient air quality standards for several pollutants, including ozone. *See* 42 U.S.C. § 7409(a)-(b). Pursuant to these requirements, EPA must set "primary" standards for ozone that are "requisite to protect the public health," *id.* § 7409(b)(1), and "secondary" standards for the pollutant that are "requisite to protect the public welfare," *id.* § 7409(b)(2). In addition, the agency has a duty to review its ozone standards—and, as necessary, revise them—every five years to ensure that they remain protective of public health and welfare. *Id.* § 7409(d).

In this case, Petitioners challenge EPA's December 2020 decision not to revise the primary and secondary ozone NAAQS promulgated in 2015. *See* Review of the Ozone National Ambient Air Quality Standards, 85 Fed. Reg. 87,256, 87,256-57 (Dec. 31, 2020). State and Municipal Petitioners filed their petition to review that decision with this Court in January 2021, nearly three years ago.[3] *See* Pet. for Rev. (Jan. 19, 2021), ECF No. 1881728. The following month, EPA filed the first of a series of

---

[3] Certain environmental and public health groups subsequently filed additional petitions for review that were consolidated into this action. *See* Order (Feb. 16, 2021), ECF No. 1885376; Order (Feb. 25, 2021), ECF No. 1887219.

4

requests for 90-day abeyances pending its reconsideration of the 2020 ozone NAAQS decision. *See* Unopposed Mot. to Hold in Abeyance (Feb. 17, 2021), ECF No. 1885865. EPA justified such relief on the grounds that its reconsideration would "avoid[ ] unnecessary adjudication" and "support the integrity of the administrative process." *Id.* at 3. This Court granted that motion and three subsequent EPA motions to continue the abeyance, all premised on the same rationale. *See* Order (Feb. 22, 2021), ECF No. 1886566; *see also* Order (June 1, 2021), ECF No. 1900860; Order (Sept. 27, 2021), ECF No. 1915685; Order (Dec. 21, 2021), ECF No. 1927582.

In October 2021, EPA informed this Court that it "will be reconsidering the 2020 Ozone NAAQS Decision through a new notice-and-comment rulemaking proceeding" with the "goal" of "complet[ing] this reconsideration by the end of 2023." *See* Mot. to Hold in Abeyance, at 4 (Oct. 29, 2021), ECF No. 1920265. In response, this Court directed EPA to file regular status reports at 90-day intervals and directed the parties to file motions to govern future proceedings by December 15, 2023. *See* Order (Dec. 21, 2021), ECF No. 1927582.

5

Subsequently, in its March 2023 and June 2023 status reports, EPA informed the parties and this Court that, while "it intends to work expeditiously to complete its decision-making," it had "determined that it will need additional time to complete the reconsideration process." *See* EPA Status Report ¶ 10 (Mar. 20, 2023), ECF No. 1990870; *see also* EPA Status Report ¶ 10 (June 20, 2023), ECF No. 2004092. It further stated that "the reconsideration cannot be completed any more expeditiously than the end of 2024." *See* EPA Status Report ¶ 10 (Mar. 20, 2023), ECF No. 1990870; *see also* EPA Status Report ¶ 10 (June 20, 2023), ECF No. 2004092.

In August 2023, however, EPA changed course, announcing its intent to undertake a "new review" of the ozone NAAQS.[4] It further stated that it would "incorporate" its "ongoing reconsideration" of the 2020 ozone NAAQS decision into this new administrative proceeding.[5] While EPA stated that it intends to "move swiftly," it set no end date for

---

[4] *See* U.S. Env't Prot. Agency, EPA Initiates New Review of the Ozone National Ambient Air Quality Standards to Reflect the Latest Science (Aug. 21, 2023), https://www.epa.gov/newsreleases/epa-initiates-new-review-ozone-national-ambient-air-quality-standards-reflect-latest.

[5] *Id.*

6

completion.[6] Subsequently, in September, EPA filed a status report with this Court, confirming that, rather than complete its reexamination of the 2020 ozone NAAQS decision, it "has decided to initiate a new, full statutory review of the Ozone NAAQS and the underlying air quality criteria." *See* EPA Status Report ¶ 13 (Sept. 18, 2023), ECF No. 2017610.

Due to the multiple abeyances that began early in the case, the parties have yet to file any initial submissions—including statements of issues, dispositive motions, or the certified index to the record—in this case.

## ARGUMENT

This Court has broad discretion to decline or discontinue a requested abeyance of a legal challenge to an administrative action. *See Utility Solid Waste Activities Group v. EPA*, 901 F.3d 414, 426 (D.C. Cir. 2018). As explained below, because the fundamental reason for granting the abeyance—the prospect of relatively prompt final agency action to address Petitioners' claims—is no longer on the table, this Court should exercise this discretion, terminate the abeyance, and allow the litigation to resume.

---

[6] *Id.*

7

Lifting the abeyance is warranted because EPA's rationale for delaying the litigation no longer applies. EPA justified its requests for abeyance on the premise that its reconsideration could timely resolve Petitioners' legal challenges to the 2020 ozone NAAQS decision, thus rendering litigation "unnecessary." *See* Unopposed Mot. to Hold in Abeyance at 3 (Feb. 17, 2021), ECF No. 1885865. But after nearly three years, EPA has now abandoned the current Executive Order review process and instead plans to begin a new, full statutory review of unknown duration.[7]

Such a review is a lengthy process that often takes many years. For example, it took EPA over six years to review and finalize the 2015 ozone NAAQS. *See* 85 Fed. Reg. at 87,260. And as this case itself demonstrates, EPA's review can take years even when EPA ultimately decides not to change the existing NAAQS. Thus, there is no longer any prospect of a speedy resolution of Petitioner's claims through administrative action. In the meantime, the 2020 ozone NAAQS decision—which Petitioners

---

[7] Separate from this litigation, on March 1, 2021, the State and Municipal Petitioners filed a petition for reconsideration of the 2020 Ozone Decision directly with EPA, as did the environmental and public health petitioners. EPA has issued no decisions on those reconsideration petitions.

8

maintain is procedurally and substantively invalid, as well as insufficiently protective of air quality—remains in place.

Relatedly, this Court has previously declined EPA's attempts to avoid judicial resolution of a challenge to one of its regulations based on its intent to eventually issue a new rule. *See Chlorine Chemistry Council v. EPA*, 206 F.3d 1286, 1290 (D.C. Cir. 2000). In so ruling, this Court has recognized that, without any indication that EPA intends to address the regulation's defects upon vacatur, EPA could simply revive the unlawful rule. *Id.* Similarly here, EPA has given no indication concerning the ultimate outcome of its new statutory review of the ozone NAAQS. Under these circumstances, the original justification for the abeyance no longer applies, a fact that is underscored by EPA's non-opposition to this motion.

## RELIEF REQUESTED

The Court should lift the abeyance, and State and Municipal Petitioners respectfully propose that the Court enter an order setting the following deadlines:

| | |
|---|---|
| Certificate as to Parties, Rulings, and Related Cases | 14 days after the date of the Court's order ending the abeyance |
| Entry of Appearance Form | 14 days after the date of the Court's order ending the abeyance |

9

| | |
|---|---|
| Docketing Statement Form | 14 days after the date of the Court's order ending the abeyance |
| Statement of Intent to Utilize Deferred Joint Appendix | 14 days after the date of the Court's order ending the abeyance |
| Statement of Issues to Be Raised | 14 days after the date of the Court's order ending the abeyance |
| Underlying Decision from Which Petition Arises | 14 days after the date of the Court's order ending the abeyance |
| Procedural Motions, if any | 21 days after the date of the Court's order ending the abeyance |
| Dispositive Motions, if any (Original and 4 Copies) | 30 days after the date of the Court's order ending the abeyance |
| Submission of Proposed Briefing Formats and Schedules | 45 days after the Court's order ending the abeyance |

## CONCLUSION

For the reasons set out above, the Court should lift the abeyance and enter a scheduling order consistent with the proposal above.

10

Dated: October 10, 2023

Respectfully submitted,

FOR THE STATE OF
NEW YORK

LETITIA JAMES
*Attorney General*

BARBARA D. UNDERWOOD
*Solicitor General*

 /s/ Andrew G. Frank        [8]
JUDITH N. VALE
*Deputy Solicitor General*
ANTHONY R. RADUAZO
*Assistant Solicitor General*
MICHAEL J. MYERS
*Senior Counsel*
ANDREW G. FRANK
CLAIBORNE E. WALTHALL
*Assistant Attorneys General*
Office of the Attorney General
28 Liberty Street
New York, NY 10005
(212) 416-8271
andrew.frank@ag.ny.gov

*Counsel for Petitioner State of New York*

---

[8] Counsel for the State of New York certifies that the other parties listed in the signature blocks consent to this filing.

| FOR THE STATE OF CALIFORNIA | FOR THE STATE OF CONNECTICUT |
|---|---|
| ROB BONTA<br>*Attorney General of California*<br><br>JONATHAN A. WIENER<br>COREY MOFFAT<br>ELIZABETH SONG<br>*Deputy Attorneys General*<br>MYUNG J. PARK<br>CHRISTIE VOSBURG<br>*Supervising Deputy Attorneys General*<br>TRACY L. WINSOR<br>EDWARD H. OCHOA<br>*Senior Assistant Attorneys General*<br>California Department of Justice<br>455 Golden Gate Ave., Suite 11000<br>San Francisco, CA 94114<br>(415) 510-3549<br><br>*Counsel for Petitioner State of California* | WILLIAM TONG<br>*Attorney General*<br><br>JILL LACEDONIA<br>*Assistant Attorney General*<br>Connecticut Office of the Attorney General<br>165 Capitol Avenue<br>Hartford, CT 06106<br>(860) 808-5250<br>Jill.Lacedonia@ct.gov<br><br>*Counsel for Petitioner State of Connecticut* |

| | |
|---|---|
| FOR THE DISTRICT OF COLUMBIA<br><br>BRIAN SCHWALB<br>*Attorney General*<br><br>CAROLINE VAN ZILE<br>*Solicitor General*<br>Office of the Attorney General for the District of Columbia<br>400 6th Street, NW, Suite 8100<br>Washington, D.C. 20001<br>(202) 727-6287<br>caroline.vanzile@dc.gov<br><br>*Counsel for Petitioner District of Columbia* | FOR THE STATE OF ILLINOIS<br><br>KWAME RAOUL<br>*Attorney General*<br><br>MATTHEW J. DUNN<br>*Chief, Environmental Enforcement/Asbestos Litigation Division*<br>JASON JAMES<br>*Assistant Attorney General*<br>Office of the Attorney General<br>69 W. Washington St., 18th Floor<br>Chicago, IL 60602<br>(312) 814-3816<br>Jason.james@ilag.gov<br><br>*Counsel for Petitioner State of Illinois* |

FOR THE STATE OF
MARYLAND

ANTHONY G. BROWN
*Attorney General of Maryland*

JOSHUA M. SEGAL
*Assistant Attorney General*
Office of the Attorney General
200 St. Paul Place
Baltimore, MD  21202
(410) 576-6446
jsegal@oag.state.md.us

*Counsel for Petitioner State of Maryland*

FOR THE STATE OF
MINNESOTA

KEITH ELLISON
*Attorney General*

PETER SURDO
*Special Assistant Attorney General*
445 Minnesota Street, Suite 900
St. Paul, Minnesota 55101-2127
(651) 757-1061
peter.surdo@ag.state.mn.us

*Counsel for Petitioner State of Minnesota*

FOR THE COMMONWEALTH
OF MASSACHUSETTS

ANDREA CAMPBELL
*Attorney General of Massachusetts*

TURNER SMITH
*Deputy Attorney General*
Environmental Protection Division
Office of the Attorney General
One Ashburton Place
Boston, MA  02108
(617) 963-2782
Turner.smith@mass.gov

*Counsel for Petitioner Commonwealth of Massachusetts*

FOR THE STATE OF
NEW JERSEY

MATT PLATKIN
*Attorney General of New Jersey*

LISA J. MORELLI
*Deputy Attorney General*
Environmental Enforcement & Environmental Justice Section
R.J. Hughes Justice Complex
25 Market Street, P.O. Box 093
Trenton, New Jersey 08625
(609) 376-2740
Lisa.morelli@law.njoag.gov

*Counsel for Petitioner State of New Jersey*

14

FOR THE STATE OF OREGON

ELLEN F. ROSENBLUM
*Attorney General*

PAUL GARRAHAN
*Attorney-in-Charge*
STEVE NOVICK
*Special Assistant Attorney General*
Natural Resources Section
Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4593
Paul.Garrahan@doj.state.or.us
Steve.Novick@doj.state.or.us

*Counsel for Petitioner State of Oregon*

FOR THE COMMONWEALTH OF PENNSYLVANIA

MICHELLE HENRY
*Attorney General*

ANN R. JOHNSTON
*Senior Deputy Attorney General*
Office of Attorney General
Strawberry Square
Harrisburg, PA 17120
(717) 857-2091
ajohnston@attorneygeneral.gov

*Counsel for Petitioner Commonwealth of Pennsylvania*

FOR THE STATE OF RHODE ISLAND

PETER F. NERONHA
*Attorney General of Rhode Island*

GREGORY S. SCHULTZ
*Special Assistant Attorney General*
Rhode Island Office of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400
gschultz@riag.ri.gov

*Counsel for Petitioner State of Rhode Island*

FOR THE STATE OF VERMONT

CHARITY R. CLARK
*Attorney General*

NICHOLAS F. PERSAMPIERI
*Assistant Attorney General*
Office of the Attorney General
109 State Street
Montpelier, VT 05609
(802) 828-6902
nick.persampieri@vermont.gov

*Counsel for Petitioner State of Vermont*

| | |
|---|---|
| FOR THE STATE OF WASHINGTON | FOR THE STATE OF WISCONSIN |
| ROBERT W. FERGUSON<br>*Attorney General* | JOSHUA L. KAUL<br>*Attorney General* |
| EMILY C. NELSON<br>*Assistant Attorney General*<br>Washington State Attorney General's Office<br>PO Box 40117<br>Olympia, WA 98504<br>(360) 586-4607<br>emily.nelson@atg.wa.gov | BRADLEY J. MOTL<br>*Assistant Attorney General*<br>Wisconsin Department of Justice<br>Post Office Box 7857<br>Madison, WI 53707-7857<br>(608) 267-0505<br>motlbj@doj.state.wi.us |
| *Counsel for Petitioner State of Washington* | *Counsel for Petitioner State of Wisconsin* |

FOR THE CITY OF NEW YORK

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*

CHRISTOPHER GENE KING
*Senior Counsel*
New York City Law Department
100 Church Street
New York, NY 10007
cking@law.nyc.gov

*Counsel for Petitioner City of New York*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing State and Municipal Petitioners' Corrected Motion to Lift Abeyance and Reset Litigation Deadlines complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,776 words.  I further certify that this motion complies with the typeface requirements of Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it has been prepared using a proportionally spaced typeface (Century Schoolbook) in 14-point font.

Dated: October 10, 2023             /s/ Andrew G. Frank
                                    ANDREW G. FRANK
                                    Assistant Attorney General
                                    Environmental Protection Bureau
                                    New York State Office of
                                     the Attorney General
                                    28 Liberty Street
                                    New York, NY 10005
                                    (212) 416-8271
                                    andrew.frank@ag.ny.gov

                                    *Counsel for Petitioner*
                                    *State of New York*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing State and Municipal Petitioners' Corrected Motion to Lift Abeyance and Reset Litigation Deadlines was filed on October 10, 2023 using the Court's CM/ECF system, and that, therefore, service was accomplished upon counsel of record by the Court's system.

Dated: October 10, 2023

       */s/ Andrew G. Frank*
ANDREW G. FRANK
Assistant Attorney General
Environmental Protection Bureau
New York State Office of
 the Attorney General
28 Liberty Street
New York, NY 10005
(212) 416-8271
andrew.frank@ag.ny.gov

*Counsel for Petitioner*
*State of New York*